1
2
3
4
5
6
7
8
9
10                          UNITED STATES DISTRICT COURT
11                          EASTERN DISTRICT OF CALIFORNIA
12
13   MARK LYDELL DIXON,                  )   1:12-CV-01077 GSA HC
                                         )
14              Petitioner,              )   ORDER DISMISSING CLAIMS
                                         )
15        v.                             )   ORDER GRANTING PETITIONER LEAVE
                                         )   TO FILE MOTION TO WITHDRAW
16                                       )   UNEXHAUSTED CLAIMS
     PEOPLE,                             )
17                                       )   ORDER GRANTING PETITIONER LEAVE
                Respondent.              )   TO FILE MOTION TO AMEND PETITION
18                                       )   TO NAME A PROPER RESPONDENT

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
20   pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the magistrate judge
21   pursuant to 28 U.S.C. § 636(c).
22        Petitioner is currently in the custody of the California Department of Corrections and
23   Rehabilitation pursuant to his 2009 conviction in Kings County Superior Court of battery on a non-
24   confined person and battery by an inmate on a prison officer by gassing.  On June 14, 2012,
25   Petitioner filed the instant petition for writ of habeas corpus in this Court.
26                                    **DISCUSSION**
27   A.  Procedural Grounds for Summary Dismissal
28        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In this case, Petitioner raises numerous claims. Several are not cognizable. Initially, the Court notes that Petitioner presents three claims which appear to have been exhausted by petition for review to the California Supreme Court, as follows: 1) He claims the conviction for battery was not supported by any evidence that Petitioner intended to use force or violence on another; 2) He contends the trial court erred by failing to instruct the jury that in order to find Petitioner guilty, it must find that Petitioner intended to use force or violence against another; and 3) He alleges the sentence constitutes cruel and unusual punishment. Liberally construed, these claims appear on their face to be cognizable, and in light of the attached petition for review they appear to have been exhausted in the California Supreme Court. (See Attachments to Petition.)

Petitioner raises other claims within his supporting arguments, however, thay are not cognizable. First, he complains of his physical treatment by prison staff. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Since Petitioner's claim of mistreatment by prison staff involve conditions of his confinement, the claim is not cognizable in federal habeas review and must be dismissed. Second, Petitioner complains of retaliation by prison staff for appeals he has filed. He claims prison staff discarded his legal paperwork. This claim also involves the conditions of confinement and is therefore not cognizable.

C.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the arguments contained in the petition, Petitioner raises several claims which are unexhausted. He claims he was denied the right to be present at portions of the trial; he claims he was denied his right to an impartial jury of his peers; and he contends the jury instructions given resulted in a fundamental miscarriage of justice because the jury could partially read through portions of instructions that had been marked over by the court. Petitioner did not present any of these claims in his petition for review. Therefore, they are unexhausted.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust

the claims if he can do so.  See Rose, 455 U.S. at 521-22.  However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.  Petitioner may move to withdraw the unexhausted claims within thirty (30) days of the date of service of this order and proceed with only the exhausted claims.  If Petitioner fails to withdraw the unexhausted claims, the Court will dismiss the petition so Petitioner can return to state court to exhaust his unexhausted claims. Rose, 455 U.S. at 520.

D.  Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner names "People" as Respondent.  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein

1 Petitioner may name the proper respondent in this action.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's claims involving conditions of confinement as discussed herein are DISMISSED from the petition;

2) Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to withdraw unexhausted claims; and

3) Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.

IT IS SO ORDERED.

Dated:   **July 31, 2012**         /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE