# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LYDELL DIXON, | 1:12-CV-01077 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE THE CASE |
| PEOPLE, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to his 2009 conviction in Kings County Superior Court of battery on a non-confined person and battery by an inmate on a prison officer by gassing. On June 14, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. Following a preliminary review of the petition, on July 31, 2012, this Court issued an order dismissing the petition because several claims failed to present a cognizable federal claim for relief, the petition was a mixed petition containing exhausted and unexhausted claims, and the petition failed to name a proper respondent.

Petitioner was granted thirty (30) days to file an amended petition so as to delete the noncognizable claims, withdraw the unexhausted claims, name a proper respondent, and proceed with the exhausted claims. Over thirty (30) days passed and Petitioner did not file an amended petition. Petitioner was informed that in the event he failed to file an amended petition, the Court would dismiss the petition and close the case to allow Petitioner to return to state court to exhaust the unexhausted claims.

In accordance with the Court's July 31, 2012, order, the petition will be dismissed without prejudice and the Clerk of Court will be directed to enter judgment and terminate the action.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>      (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus DISMISSED WITHOUT PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **September 10, 2012**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE